Nov. Term,<br>1834.<br>———<br>M'CONNELL<br>v.<br>MAXWELL.

---

### M'CONNELL v. MAXWELL and Another.

If the possession of property be fraudulently obtained from a bailee by the general owner, the bailee may maintain trover for the property against either the owner or his subsequent vendee.

Nov. Term,
1834.

M'CONNELL
v.
MAXWELL.

Wednesday,
November 26.

ERROR to the *Montgomery* Circuit Court.

M'KINNEY, J.—*Maxwell & M'Cormack*, the defendants in error, brought an action of trover in the Court below, to recover the value of a barouche and harness, against *M'Connell*. The cause was tried by a jury on the plea of not guilty, and a verdict and judgment rendered in favour of the plaintiffs.

The question presented for our determination, is founded on an exception taken by the plaintiff in error, to an instruction given by the Court to the jury. It appears that the defendant moved the Court to instruct the jury, "That if they believed from the evidence, that the defendant purchased the barouche and harness from the general owners of the same, and that the plaintiffs were bailees thereof, that in such case, the action of trover would not lie against the defendant." The Court, however, charged the jury, "That, generally, the bailee cannot maintain trover against the general owner; but that this principle had nothing to do with the decision of the present case, for the action was not against the vendors, who may have been the general owners, but against the defendant who purchased from them; and that if the vendors, although they may have been the general owners, obtained possession of the property by fraud, the plaintiffs, although bailees, can maintain this action against the defendant."

In support of the action of trover, it is necessary for the plaintiff to prove a right to the property, either absolute or special, and a right to the possession at the time of the conversion complained of; for either an absolute or a special property will support the action. The union of these distinct rights in the same person cannot take place, since the latter is merged in the former; but it frequently happens, that the same property is subject to these different relations, from whence arises the rights of the general owner in whom is the absolute property, as well as those attaching to a special property. Cases of special property, entitling to the action of trover, are numerous, embracing sheriffs after a levy, carriers, bailees, trustees, &c. During the continuance of such special property and the right of possession, the right to the action of trover is perfect. In the case of a bailee, until the conditions of the bailment are complied with, his rights are protected not only against a stranger, but against the general owner. Thus, in *Roberts* v. *Wyatt*, 2 Taunt. R. 268, it was decided, that if a person who

has a temporary property in goods, deliver them to the general owner for a special purpose, he may, after that purpose is answered, upon a demand and refusal, maintain trover for them. The same doctrine is laid down in 1 Chitt. Pl. 151,—2 Saund. Pl. & Ev. 878,—and 3 Stark. on Ev. 1481. It would, therefore, seem that the general proposition for which the plaintiff in error contends, and which correctly met the approval of the Circuit Court, "That a bailee of property cannot maintain trover against the general owner," is subject to exceptions, than which, one stronger could not be taken than that suggested by the Court below, of a fraudulent possession in contravention of the rights of the bailee. If such possession was taken, the vendee of the general owner could not occupy more favourable ground than he himself did.

The instruction asked by the defendant must, therefore, be regarded as too general, and as subject to the qualification it received from the Circuit Court.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Wallace,* for the plaintiff.

*A. S. White* and *I. Naylor,* for the defendants.